**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

DIMAS ALFREDO REYES-GUTIERREZ,
a/k/a Alfredo Victor Colon-Santos,
Defendant-Appellant.

No. 98-4070

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-97-351)

Submitted: October 6, 1998

Decided: October 29, 1998

Before ERVIN, WILKINS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph J. McCarthy, DELANEY, MCCARTHY, COLTON &
BOTZIN, P.C., Alexandria, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Lisa E. Perkins, Special Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dimas Alfredo Reyes-Gutierrez appeals his conviction of one count of illegal entry after deportation in violation of 8 U.S.C.A. § 1326(a) (West 1970 & Supp. 1998). We affirm.

Reyes-Gutierrez contends that this court should reverse his conviction because the Immigration and Naturalization Service bond issued to him on December 11, 1996, after he illegally re-entered the United States following his second deportation in July 1994, constitutes the express consent of the Attorney General to his presence in the United States and bars his prosecution under 8 U.S.C.A.§ 1326(a). This contention is without merit.

A previously deported alien such as Reyes-Gutierrez who re-enters the United States is criminally liable under 8 U.S.C.A. § 1326(a) unless: (1) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (2) with respect to an alien previously denied admission or removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act. See 8 U.S.C.A. § 1326(a)(2)(A), (a)(2)(B) (West 1970 & Supp. 1998).

Contrary to Reyes-Gutierrez's contention, we find that the plain language of the statute requires that a deported alien obtain permission from the Attorney General to re-enter prior to re-entry and not after he has illegally crossed the border. The standard $10,000 bond issued to Reyes-Gutierrez following a drug conviction and pending completion of yet another round of deportation proceedings does not qualify as advance permission by the Attorney General to re-enter the United States. Moreover, Reyes-Gutierrez has not alleged that he was

2

not required to obtain advance consent because of another provision of immigration law.

Accordingly, we affirm Reyes-Gutierrez's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3